**SIGNED.**

Dated: May 05, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| DAVID JOHNSTON and LYNDA JOHNSTON, | ) No. 4:05-bk-04340-JMM |
| | ) |
| | ) **MEMORANDUM DECISION** |
| Debtors. | ) |

Before the court is the Chapter 13 Trustee's motion to dismiss (DN 53). The Debtors have made no payments to the Trustee, for payment to their creditors, since early 2008.

The Debtors have proposed a wage assignment to their new employer, which they hope will give stability to their budget, on a going-forward basis, and in turn save their plan, so that they may eventually complete their plan and obtain a discharge. The Trustee and one creditor oppose further extensions and urge dismissal.

## BACKGROUND

The Debtors filed for Chapter 13 relief on August 4, 2005. Their Chapter 13 repayment plan can be summarized as follows:

- Term: 45 months
- Monthly amount: $150 per month
- Over 45 months = $6,750

From these payments to the Trustee, the follow deductions occur:

| | |
|---|---:|
| Total to be paid: | $6,750.00 |
| Less: Trustee fee (10%) | (675.00) |
| Less: Balance due on attorneys fee | (2,144.00) |
| Less: Priority taxes (ADOR) | (1,203.47) |
| Balance to be distributed to creditors: | $2,727.53 |

(Confirmation order, DN 37.) The Debtors' total unsecured claims are $173,043.66, of which $133,293.47 have filed claims. Of those creditors, the Arizona Department of Revenue asserts a priority tax claim of $1,203.47. Payment of that claim comes ahead of unsecured creditors. Thus, the unsecured creditors will share, pro rata, $2,727.53.[1] This equals about a 2% dividend on their respective claims.

A review of the Debtors' schedules reflects that, based on what the Debtors own as of the date of filing, their personal property (they own no real property) has no realizable value or is exempt. Thus, on liquidation, the creditors would realize nothing.

## **CONFIRMATION AND DEFAULTS**

After several false starts, the Debtors were able to obtain confirmation of their plan on April 19, 2007 (DN 37). In that confirmed plan, the ADOR's priority tax claims were liquidated at $1,203.47, and the attorney's fees were approved at $2,144.00.

The duration of the plan was extended from 36 to 45 months (DN 37). Approved claims totaled $125,179.87 (DN 39).

On June 25, 2008, the Trustee moved for dismissal, noting a four-month payment delinquency of $600 (DN 45). To remedy that breach, the Debtors asked for a retroactive four-month moratorium of their payments. (DN 48). No order was ever entered.

---

[1] The creditors opposing further extensions, Cira and Shawn Bowman, do not appear to have filed a claim. (*See* claims register.)

Moreover, in October, 2008, the Trustee objected, noting that even if the moratorium were to be granted, the Debtors had not resumed their payments to the Trustee the previous June or July, 2008, and continued to be in default.

## **CURRENT MOTION TO DISMISS**

On March 27, 2009, the Trustee again sought dismissal of the Debtors' case, because their delinquencies had grown to $1,350.00, which represented a nine-month default.

At the hearing on May 4, 2009, the Debtors appeared through counsel, who indicated that he might put through a wage assignment. However, no reasons were advanced for the continued defaults under the plan. Nor had the Debtors remedied the existing default, nor offered to cure it within a relatively short time frame.

In a few months, the Debtors will have benefitted from five years of protection from creditor activity. The 45-month period of their approved plan ended on May 4, 2009. Their moratorium was never granted. Thus, the time to have concluded the plan was May 4, 2009. Since they have not completed it, and are in severe default, this court feels that the case should be dismissed.

The Debtors have had every benefit of the bankruptcy code, yet choose to ignore the very minimal requirements imposed on them, i.e., the payment of $150.00 each month. Had they done so, they would be getting a discharge this month, for only a 2% payment to creditors. Instead, this case is being dismissed and all of their unpaid creditors will once again be able to pursue them. This is the consequence for failing to follow the court's orders.

## **CONCLUSION**

An order will be entered DISMISSING the Debtors' case.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Eric Ollason, Attorney for Debtors

Dianne C. Kerns, Chapter 13 Trustee

Michael J Vingelli
Vingelli & Errico
33 N Stone Suite 1800
Tucson, AZ 85701-1415

Office of the U.S. Trustee